JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA ROBLES,<br><br>            Plaintiff,<br><br>    v.<br><br>FESTIVAL FUN PARKS,<br><br>            Defendant. | Case No. 2:23-cv-09694-FLA (MARx)<br><br>**ORDER REMANDING ACTION** |

1

On October 8, 2024, the court issued an order to show cause ("OSC") why this action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 14. The court provided the parties fourteen days to respond and cautioned Defendant Festival Fun Parks, LLC d/b/a Raging Water Los Angeles (erroneously sued as Palace Entertainment Holdings LLC) ("Defendant") that, as the party asserting federal jurisdiction, its "[f]ailure to respond timely and adequately to [the OSC] shall result in remand of the action without further notice." *Id.* at 3.

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart v. Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). But where a party contests, or a court questions, a party's allegations concerning the amount in controversy, both sides submit proof, and the court decides whether the party claiming jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, Defendant has not filed any response to the court's OSC. This, in and of itself, is a sufficient basis to remand the action, because the court expressly warned

Defendant that its failure to respond would result in remand of the action without further warning. *See* Dkt. 14 at 3.

Further, having examined the allegations in the Complaint, the court cannot determine the amount in controversy is satisfied. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). The Complaint asserts claims against Defendant for negligence and premises liability, arising from an alleged personal injury suffered by Plaintiff Claudia Robles ("Plaintiff") at Defendant's water park. *See* Dkt. 1-1 ¶ 8. Plaintiff alleges $300,000 in "general and special damages," but provides no proof or allegations substantiating these damages. *See id.*, Prayer for Relief. It is clear the $300,000 in damages is merely a "bold optimistic prediction" and not a reasonable estimate of Plaintiff's claims. *Romsa v. Ikea U.S. W., Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014).

Because the court cannot conclude the amount in controversy is satisfied, the court REMANDS this action to the Los Angeles County Superior Court, Case No. 23PSCV02859. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: November 18, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge